NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3221


RUFUS L. MITCHELL, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.
.


<u>Rufus L. Mitchell, Jr.</u>, of Decatur, Georgia, pro se.

<u>Mark R. Syska</u>, Attorney-Advisor, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were <u>B. Chad Bungard</u>, General Counsel, and <u>Keisha Dawn Bell</u>, Deputy General Counsel.  Of counsel was <u>Dana DeLorenzo</u>.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3221

RUFUS L. MITCHELL, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752080769-I-1.

_____

DECIDED: January 11, 2010

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and RADER, <u>Circuit Judges</u>.

PER CURIAM.

The Merit Systems Protection Board (the "Board") dismissed petitioner Rufus Mitchell's petition for review as untimely filed. Because the Board did not abuse its discretion in declining to waive the time limit to file a petition for review, this court <u>affirms</u>.

On July 18, 2008, the U.S. Postal Service removed Mr. Mitchell from his position as a mail processing clerk for failure to be in regular attendance. Mr. Mitchell timely appealed to the Board. The administrative judge issued an initial decision on October 20, 2008, sustaining the agency's charge and removal. With the decision, the administrative judge informed Mr. Mitchell that the initial decision would become final on

November 24, 2008, unless he filed a petition for review with the Board by that time. Almost four months later—on February 18, 2009—Mr. Mitchell filed a petition for review addressing the merits of his appeal. The Board then dismissed Mr. Mitchell's petition as untimely. In so doing, the Board determined that Mr. Mitchell had failed to show good cause excusing his delay. Mr. Mitchell timely appealed to this court.

A petition for review "must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision." 5 C.F.R. § 1201.114(d). The Board may waive this time limit upon a showing of good cause by the petitioner. Id. at § 1201.12. "To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in attempting to meet the filing deadline." Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003). This court has often stated that whether the time limit for filing a petition can be waived is a decision left to the discretion of the Board. That decision will not be disturbed unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992).

On appeal, as in front of the Board, Mr. Mitchell contends that his delay was excused because of various personal problems that made it difficult for him to timely file his petition, including being a single parent of three children (one mentally challenged), being evicted from his home, having his telephone and utilities cut off, and trying to obtain unemployability benefits. In support of his motion at the Board, Mr. Mitchell submitted an eviction order issued on August 25, 2008, a subsequent residential lease

agreement dated October 1, 2008, and a Georgia state decision granting unemployability benefits issued on November 20, 2008. The Board rejected each of the reasons proffered as having no bearing on Mr. Mitchell's ability to timely file a petition for review. More specifically, the Board found that all the pertinent issues in Mr. Mitchell's proffer had concluded on October 1, 2008—roughly twenty days <u>before</u> the administrative judge issued his <u>initial decision</u> on October 20. With respect to his unemployability benefits, the Board concluded that even if it could qualify to show good cause before a final decision, it could not justify Mr. Mitchell's three-month delay here. That is, Mr. Mitchell's unemployability benefits were granted on November 20, 2008, and he filed his untimely petition for review on February 18, 2009.

In his reply brief to this court, Mr. Mitchell contends that his residential lease agreement is misleading because he did not really move into his new house until November 18, 2009. In that vein, Mr. Mitchell attaches what purports to be a rent receipt dated November 26, 2008. He also includes a Chapter 13 bankruptcy filing with bankruptcy court in Georgia.

In light of the record submitted to the Board, however, this court cannot say that its decision was arbitrary or capricious. Indeed, there is ample evidence supporting the conclusion that the crises in Mr. Mitchell's life were complete well before the initial decision by the administrative judge. Even construing Mr. Mitchell's proffered evidence as broadly as possible, there remains nothing on the record that would justify a four-month delay in filing his petition for review. Nor does Mr. Mitchell attempt to show any diligence in filing from the period of mid November 2008 to mid February 2009. While

this court is sympathetic to the difficult position Mr. Mitchell is undoubtedly in, the Board did not abuse its discretion. The decision of the Board is therefore affirmed.

COSTS

No costs.