**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| AMY FARRELL,<br>　　　　Appellant, | DOCKET NUMBER<br>CH-0752-17-0015-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: January 18, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Amy Farrell, Des Moines, Iowa, pro se.

Lisa Hosman-Davis, Esquire, Minneapolis, Minnesota, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 The relevant background information, as stated in the initial decision, is not in material dispute. The appellant applied for disability retirement in January 2015 and filed a formal equal employment opportunity complaint with the agency in May 2015, alleging that her decision to apply for disability retirement constituted a constructive discharge. Initial Appeal File (IAF), Tab 6, Initial Decision (ID) at 2. The appellant's disability retirement was effected on September 15, 2015. ID at 1.

¶3 On July 29, 2016, the agency issued a final agency decision, in which it found that it had not discriminated against the appellant. ID at 2. The agency's decision informed the appellant of her right to file an appeal with the Board within 30 days of her receipt of the decision. *Id.*

¶4 On October 4, 2016, the appellant filed this appeal with the Board.[2] IAF, Tab 1. The administrative judge ordered the appellant to file evidence and argument to establish the timeliness of her appeal and to make a nonfrivolous allegation of Board jurisdiction. ID at 2. On November 8, 2016, after the appellant failed to respond to the orders, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing.[3] ID at 2-6.

¶5 On or about December 7, 2016, the appellant requested an extension to file a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board granted the appellant's request and

---

[2] Although the administrative judge indicated that the appeal was filed on October 5, 2016, ID at 2, the electronic date stamp on the initial appeal indicates that it was filed the day before, IAF, Tab 1.

[3] Because she dismissed the appeal on jurisdictional grounds, the administrative judge did not address the apparent untimeliness of the appeal. ID at 6.

informed her that she may file a petition on or before January 12, 2017. PFR File, Tab 2 at 1. The appellant was informed that if she did not file a petition by January 12, 2017, the initial decision would remain the final decision of the Board. *Id.*

¶6  On January 15, 2017, the appellant filed an initial appeal form with the Board, again alleging that she felt forced into retirement. PFR File, Tab 3 at 4. On January 18, 2017, the Clerk's Office informed the appellant that the Board would consider her submission to be a petition for review of the initial decision, but as such it appeared to be untimely filed. PFR File, Tab 4 at 1. The Clerk's Office set a deadline of February 2, 2017, for her to file a motion to either accept the filing as timely or waive the time limit for good cause. *Id.* at 1-2. The appellant filed no such motion by the deadline.

¶7  On February 10, 2017, the agency filed a response in opposition to the petition for review, arguing that the petition was untimely with no good cause shown. PFR File, Tab 5. On or about February 17, 2017, the Board's Central Regional Office received a submission from the appellant, which has been docketed as a reply to the agency's response. PFR File, Tab 6. On August 25, 2017, the appellant filed a motion to request that the Board waive the time limit of her petition for review for good cause. PFR File, Tab 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8  A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The Board, however, may grant an extension of the time limit upon a showing of good cause. 5 C.F.R. § 1201.114(f).

¶9  Here, the Office of the Clerk of the Board granted the appellant an extension of time beyond the deadline set forth in section 1201.114(e), until

January 12, 2017, to file her petition for review.  But the appellant did not file her petition until January 15, 2017.  It was therefore 3 days late.

¶10        The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay.  *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010); 5 C.F.R. § 1201.114(g).  To establish good cause for the untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay; the reasonableness of her excuse and her showing of due diligence; whether she is proceeding pro se; and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition for review.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶11        In her request for an extension of time to file a petition for review, the appellant noted that she was disabled and caring for three children, one of whom was also disabled.  PFR File, Tab 1 at 3-4.  She also asserted that she lost her home in a fire in August 2015, that someone stole $40,000 from her, and that she was involved in multiple lawsuits.  *Id*. at 4.  In her petition for review, she claimed to have both physical and mental disabilities.  PFR File, Tab 3 at 4-5.  In her reply to the agency's response to her petition, the appellant again referenced some of these difficulties, as well as some problems she experienced with her computer and mail delivery.  PFR File, Tab 6 at 3.

¶12        In her motion to waive the time limit for filing the petition for review, the appellant acknowledged that her petition was untimely by 3 days and referenced

the same difficulties she discussed in her previous pleadings.[4]  PFR File, Tab 10 at 4-5, 7, 9.  She seemed to assert that the primary reason that her petition was untimely was that her mailman dropped a package of hers and ran it over, destroying a flash drive in the process.  *Id*. at 9.  She stated that, although she had a back-up of the flash drive on her personal computer, she had sent her computer away for repairs.  *Id*.

¶13    However, the appellant did not explain what was on the flash drive, where she was sending it, or how it was relevant to her appeal.  Furthermore, assuming arguendo that the flash drive contained her petition for review and that she was sending it to the Board, she did not explain why she could not file a second extension to file her petition for review prior to the January 12, 2017 deadline.  Accordingly, we find that the appellant's assertions regarding her problems with her computer and mail delivery fail to establish good cause for the untimely filing of her petition for review.  *See Heath v. Department of Agriculture*, 109 M.S.P.R. 684, ¶ 6 (2008) (finding that the loss of a thumb drive did not establish good cause for the agency's untimely filing when the agency representative failed to request a further extension of the filing deadline).

¶14    Regarding the appellant's disabilities, the Board will find good cause for waiver of its filing time limits when a party demonstrates that she suffered from an illness that affected her ability to file on time.  *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which she suffered from the illness, (2) submit medical evidence showing that she suffered from the alleged illness during that time period, and (3) explain how the illness

---

[4] As stated earlier, the appellant's motion was due by February 2, 2017, and she filed it with the Board on August 25, 2017.  PFR File, Tabs 4, 10.  It was therefore untimely filed by 6 months.  Although the appellant has failed to establish good cause for the untimeliness of her motion, we nonetheless consider it and find that it does not establish good cause for her untimely filed petition for review.

prevented her from timely filing her submission or a request for an extension of time. *Id.* The appellant submitted some evidence regarding her illnesses. PFR File, Tab 6 at 7-34, 45-49, 102, 107-14, 120-23, 125, 152, 160, 181. This evidence, however, dates back to 2014 and early 2015, approximately 2 years prior to her deadline for filing a petition for review. *Id.* More importantly, the appellant has not explained how her illnesses prevented her from timely filing her petition. Accordingly, she has failed to demonstrate good cause for her untimely filing based on her illness. *See Lacy*, 78 M.S.P.R. at 437.

¶15     Regarding the appellant's other potential excuses for her untimely filing, such as the loss of her home and her involvement in multiple lawsuits, she has similarly failed to explain how these events contributed to the untimeliness of her petition for review. *See Mitchell v. U.S. Postal Service*, 111 M.S.P.R. 346, ¶¶ 3-8 (2009) (finding that an appellant who had a disabled son, was trying to secure unemployment benefits, and was searching for a new home after being evicted, failed to show good cause for his untimely filed petition for review), *aff'd*, 361 F. App'x 132 (Fed. Cir. 2010).

¶16     Although the length of the delay was relatively short, and the appellant is proceeding pro se, we find she has not shown that circumstances beyond her control prevented her from filing a timely petition for review, or that she exercised due diligence or ordinary prudence under the circumstances. Accordingly, we dismiss the petition for review as untimely filed without a showing of good cause for the delay. *See Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009) (finding that the appellant did not establish good cause for his 3-day filing delay, notwithstanding his pro se status).

¶17     This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's alleged involuntary retirement.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
WASHINGTON, D.C.                  Jennifer Everling
                                  Acting Clerk of the Board