# United States Court of Appeals for the Federal Circuit

---

**ROBERT MICHAEL MILLER,**
*Petitioner*

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
*Respondent*

---

2014-3137

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-13-0504-I-1.

---

Decided: April 8, 2016

---

ROBERT MICHAEL MILLER, Fairfax, VA, pro se.

MARTIN M. TOMLINSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Robert M. Miller appeals the decision of the Merit Systems Protection Board (MSPB or Board) denying his request for relief under the Veterans Employment Opportunities Act (VEOA) resulting from his non-selection for a vacancy advertised by the Federal Deposit Insurance Corporation (FDIC). We *affirm* the Board's decision.[1]

BACKGROUND

Mr. Miller served on active duty from June 2003 until July 21, 2007. He has a Veteran's Administration disability rating of 60 percent. Since 2008, Mr. Miller has been employed as an Economic Analyst in the FDIC's Division of Research in San Francisco. He was hired at the GS-9 level and has risen to the GS-12 level.

On September 7, 2012 the FDIC posted vacancy announcements for a CG-13 Financial Economist position in Washington, D.C. The FDIC posted two vacancy announcements, the first open to all U.S. citizens and the second for status candidates. Mr. Miller submitted applications under both hiring procedures.

Mr. Miller was one of three applicants selected for an interview. Mr. Kupiec, the selecting official, and two other senior FDIC employees participated in the interviews. Each interviewer rated each candidate's answers to three questions on bank failure prediction models as Outstanding, Good, or Inadequate. On the first question, all three interviewers rated Mr. Miller's response as "Good." On the second question, two interviewers rated his answer as "Inadequate" and one interviewer rated his answer as "Good." On the third question, two interviewers rated his answer as "Inadequate" and one interviewer

---

[1]    *Miller v. FDIC*, No. DC-3330-13-0505-I-1, 2014 WL 5304936 (MSPB. Apr. 17, 2014) (MSPB Op.).

rated his answer as "Outstanding." The other two candidates also received some "Inadequate" ratings. No candidate was selected, and the vacancy was cancelled.

Mr. Miller was notified that no one had been chosen for the Financial Economist position. He then filed a complaint with the Department of Labor, stating that the FDIC had cancelled the vacancy in bad faith to avoid hiring a veteran or having to request a "pass over" from the Office of Personnel Management. The Department of Labor denied Mr. Miller's claim, finding no evidence to support the charge of violation of his veterans' preference rights.

Mr. Miller appealed to the MSPB, alleging violation of the VEOA based on bad faith in the cancellation of the position. He cited *Willingham v. Department of the Navy*, 118 M.S.P.R. 21 (2012), in which the Board held that "bad faith in deciding to cancel a vacancy may be a factor in determining if a cancellation affects a veteran's right to compete." *Id.* at 31. He also alleged reprisal and discriminatory practices.

The administrative judge (AJ) dismissed Mr. Miller's appeal for lack of MSPB jurisdiction. The AJ found that the charge of bad faith in cancellation of the position did not raise a non-frivolous allegation of violation of veterans' preference, and thus the Board lacked jurisdiction. The AJ also found the allegation of bad faith to be unsupported.

The full Board found that the MSPB had jurisdiction over the VEOA claim, but found no violation of the VEOA. The Board held that the allegation of non-selection for the Senior Financial Economist position in violation of veterans' preference rights was sufficient to confer jurisdiction over a VEOA appeal. However, the Board held that Mr. Miller had not established a violation of his veterans' preference rights.

Specifically, the Board found that the FDIC "conducted a thorough, structured interview of each of the candidates" and "none of the interviewees possessed the requisite skills and knowledge for the position." MSPB Op. at *3. An agency is "not required to hire a preference eligible veteran, if . . . it does not believe that the candidate is qualified or possessed the necessary experience." *Id.* (citing *Abell v. Dep't of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003)).

Mr. Miller appeals.

## DISCUSSION

We review the Board's decision to ascertain whether it was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002). Factual findings of the Board are sustained unless they are not supported by substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Veterans' Preference Act of 1944 (VPA), Pub. L. No. 359, ch. 287, 58 Stat. 390, established the principle of veterans' preference, whereby preference eligible veterans receive certain advantages when seeking federal employment. The VPA is codified in scattered sections of Title 5 of the U.S. Code. *See, e.g., Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (discussing some of the statutes and regulations enacted to provide veterans with their preference rights); *Joseph v. FTC*, 505 F.3d 1380, 1381 (Fed. Cir. 2007) (same). The VEOA provides preference eligible veterans with an administrative challenge for an agency hiring decision violating a veteran's rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a.

"Federal agencies generally use two types of selection to fill vacancies: (1) the open 'competitive examination' process and (2) the 'merit promotion' process." *Joseph*, 505 F.3d at 1381 (citations omitted). The competitive examination process is typically open to the public. 5 C.F.R. § 332.101. The merit promotion process is used when the position is to be internally filled by a current agency employee or a "status" applicant, such as a preference eligible veteran. *Id.* § 335.103(b)(1). Veterans receive certain advantages under both processes, but the advantages differ.

In merit promotion procedures, preference eligible veterans receive the ability to apply for vacancy announcements otherwise open only to current agency employees. Veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). When applying under merit promotion procedures, we have held that a preference eligible veteran does not receive any additional advantage beyond the ability to apply. *Joseph*, 505 F.3d at 1383 ("All that [5 U.S.C. § 3304(f)(1)] entitles veterans to is 'the opportunity to compete for vacant positions' to be filled . . . ."). An agency may accept applications under both procedures and retains "the discretion to fill a vacant position by any authorized method." *Id.* at 1384 (citations omitted).

Although he does not explicitly invoke 5 U.S.C. § 3304(f)(1), Mr. Miller applied under merit promotion procedures and all of his cited authority interprets 5 U.S.C. § 3304(f)(1) ("Preference eligibles or veterans . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce *under merit promotion procedures*.") (emphasis added).

On appeal, Mr. Miller argues that the Board erred by ruling as a matter of law that the FDIC did not violate his right to compete by cancelling the Financial Economist position. He contends that the Board abused its discretion in ruling on his VEOA petition although discovery was not complete. He states that he had raised plausible bad faith rationales for the cancellation of the position, and was denied the opportunity to rebut the declaration of Mr. Kupiec, the selecting official. He argues that the Board incorrectly applied the "no genuine issue of material fact" standard when evaluating the merits of his case.

Non-selection for a position is not an appealable action unless certain statutory violations are at issue, such as veterans' preference or whistleblower retaliation. The Board may "determine whether an agency has violated a statutory or regulatory provision relating to veteran preference." *Ruffin v. Dep't of Treasury*, 89 M.S.P.R. 396 ¶¶ 12–13 (MSPB. Aug. 29, 2001). This court has explained that such violation requires a relation between the agency's action and a veteran's preference rights. *Lazaro*, 666 F.3d at 1320. When an agency acts under merit promotion procedures, a preference eligible veteran is not entitled any additional veterans' preference. *Joseph*, 505 F.3d at 1383–84; *see also Abell v. Dep't of Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003) (holding that while the VEOA ensures the right to compete, "the VEOA did not ensure that his application would be successful").

Precedent has established that the opportunity to compete, as required by 5 U.S.C. § 3304(f)(1), is satisfied by participation in the selection process on the same grounds as other candidates. *Joseph*, 505 F.3d at 1384 ("The fact that he was not selected does not mean that he did not have a full 'opportunity to compete'; it means only that, after such competition, he was not selected."). Here, Mr. Miller filed his application and was one of three applicants interviewed. The fact that he was not hired does not mean that he was denied the opportunity to

compete, merely that "after such competition, he was not selected." *Id.*

The Board held that there was no evidence that the FDIC's cancellation of the vacancy violated a statute or regulation relating to veterans' preference, or was otherwise related to Mr. Miller's veteran's status or rights. "The VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro,* 666 F.3d at 1319. Moreover, "an agency may cancel a vacancy announcement for any reason that is not contrary to law." *Abell,* 343 F.3d at 1383–84.

The record contains substantial evidence to support the FDIC's position and the Board's finding that the cancellation of the vacancy was predicated on a lack of appropriately qualified candidates. Mr. Miller states that his non-selection was due to a series of lawsuits he pursued against the FDIC and personal animus by supervisors within the FDIC. The Board ruled that non-selection due to personal animus or reprisal for lawsuits, even if substantiated, does not establish a violation of veteran's preference rights, and did not override the agency's right to cancel the vacancy announcement.

Mr. Miller argues that he should have been permitted to raise discrimination and retaliation as affirmative defenses or as evidence of bad faith on the part of the agency. The Board found that the asserted discrimination and retaliation were not related to Mr. Miller's veteran status. This finding is supported, for there was no evidence of any relation between the asserted discrimination and retaliation and Mr. Miller's veteran's preference rights. Furthermore, nothing in the record suggests that additional discovery would change this result because Mr. Miller had the opportunity to compete and did compete, and the FDIC was not required to fill the position. *See Abell*, 343. F.3d at 1384. Although Mr. Miller criticizes the Board's failure to strike evidence of his litigiousness

and ongoing grievances, Mr. Miller did not move before the AJ to strike this evidence, and he has not shown that it would change the outcome of this case.

We discern no reversible error in the Board's ruling that VEOA violation was not shown.

## AFFIRMED

No costs.