# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THASHA A. BOYD,
                Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
                Agency.

DOCKET NUMBER
AT-3330-16-0543-I-1

DATE: December 14, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Thasha A. Boyd</u>, Kennesaw, Georgia, pro se.

<u>Kenneth William</u>, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant has applied for a number of vacancies within the agency, including announcements CIS-886078-ATL, CIS-942433-ATL, and CIS-819133-ATL, each for an Immigration Services Officer position. Initial Appeal File (IAF), Tab 1 at 14-28. On various dates in 2013, the agency notified the appellant that she was not selected for those vacancies. IAF, Tab 1 at 18, 24, 28, Tab 6 at 14-15, 17, 19. In May 2016, the appellant filed complaints with the Department of Labor (DOL) concerning her nonselections. IAF, Tab 5 at 24-33. Without addressing whether her complaints were timely filed, DOL closed her complaints, indicating that she could file an appeal with the Board. IAF, Tab 1 at 10-12.

¶3    Days after DOL's closeout letter, the appellant filed the instant appeal, alleging that the agency violated her veterans' preference rights concerning the Immigration Services Officer vacancies and her nonselections.[2] IAF, Tab 1 at 3-9, Tab 5 at 4-14. The administrative judge found that she established Board jurisdiction over her appeal under VEOA. IAF, Tab 8, Initial Decision (ID)

---

[2] The appellant alleged that the agency violated both VEOA and the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). *E.g.*, IAF, Tab 1 at 4. This decision is limited to her VEOA claim because the administrative judge docketed the USERRA claim separately. The administrative judge issued an initial decision in the USERRA complaint on August 25, 2016. *Boyd v. Department of Homeland Security*, MSPB Docket No. AT-4324-16-0544-I-1, Initial Decision (Aug. 25, 2016). That decision became final after neither party filed a petition for review. *Id*. at 3.

The appellant's initial pleading also included information concerning a fourth vacancy, for the position of Immigration Services Assistant, announcement CIS-PJN-855045-ATL. IAF, Tab 1 at 6, 14. However, her response to the administrative judge's jurisdictional order indicated that the instant appeal involved only the Immigration Services Officer vacancies. IAF, Tab 5 at 4. The appellant's complaint to DOL similarly identifies only the Immigration Services Officer vacancies. IAF, Tab 1 at 10-12.

at 3-5.  However, he found that the agency did not violate her veterans' preference rights as a matter of law.  ID at 5-8.  Therefore, he denied the request for corrective action.  ID at 8.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶4      The Board has jurisdiction over two types of VEOA claims:  (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference.  *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right-to-compete claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015).  To establish Board jurisdiction over a right-to-compete VEOA claim, the appellant must:  (1) show that she exhausted her remedy with DOL; and (2) make nonfrivolous allegations that (i) she is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (iii) the agency denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1).  *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).

¶5      To establish Board jurisdiction over a veterans' preference VEOA claim, the appellant must:  (1) show that she exhausted her remedy with DOL; and (2) make nonfrivolous allegations that (i) she is a preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (iii) the agency violated her rights under a statute or regulation relating to veterans' preference.  *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1357 (Fed. Cir. 2016).  To prevail on the merits of either type of VEOA claim, the appellant must prove the jurisdictional elements by preponderant evidence.  *See Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010); *Isabella v.*

*Department of State*, [106 M.S.P.R. 333](link), ¶¶ 21-22 (2007), *aff'd on recons.*, [109 M.S.P.R. 453](link) (2008).

<u>The administrative judge must permit further development of the record.</u>

¶6    The appellant argues that the administrative prematurely denied her VEOA claim on the merits.[3]  PFR File, Tab 1 at 5-8.  We agree.

¶7    On June 2, 2016, the administrative judge issued both an acknowledgment order and a jurisdictional order.  IAF, Tabs 2-3.  In the acknowledgment order, he provided discovery instructions, including a deadline of 30 days to initiate discovery and another 20 days for responses.  IAF, Tab 2 at 3.  In the jurisdictional order, the administrative judge provided the appellant with the aforementioned VEOA standards.  IAF, Tab 3 at 2-6, 8.  That order indicated that the appellant would be permitted further development of the written record if she met her jurisdictional burden.  *Id*. at 7-8.

¶8    On July 8, 2016, after the parties submitted jurisdictional arguments, but before the initial discovery response period had expired and without permitting further development of the record, the administrative judge issued his initial decision.  IAF, Tabs 5-7; ID at 1.  He found that the appellant met her jurisdictional burden, but denied her claim on the merits.  ID at 3-8.  In doing so, the administrative judge erred.

¶9    Consistent with the instructions he provided, the administrative judge should have permitted the parties to complete discovery and further develop the record concerning the merits of the appellant's claims.  IAF, Tab 2 at 3, Tab 3 at 7-8.  He was responsible for setting a date on which the record would close, and for affording the parties an opportunity to make submissions regarding the

---

[3] We recognize that the appellant also has argued that the administrative judge erred in crediting the declarations submitted by the agency.  PFR File, Tab 1 at 7-8, 10-11.  She suggests that the agency cannot prevail on the merits without additional evidence.  *Id*.  Because we find that the administrative judge must permit further development of the record, we will not address the weight of evidence at this time.

merits before closing the record. *See Jarrard v. Department of Justice*, [113 M.S.P.R. 502](), ¶¶ 11, 14 (2010) (remanding a VEOA appeal when the administrative judge found jurisdiction and then ruled on the merits of the appeal without issuing a close of the record order or affording the parties the opportunity to make submissions regarding the merits of the appeal); *Ruffin v. Department of the Treasury*, [89 M.S.P.R. 396](), ¶¶ 8-9 (2001) (same); [5 C.F.R. § 1201.59]()(b).

¶10    The appellant appeared to assert both types of VEOA claims below. First, she argued that she is a preference eligible and the agency erred in passing her over to fill the vacancies without obtaining prior approval from the Office of Personnel Management. IAF, Tab 1 at 7; *see* [5 U.S.C. § 3330a](a)(1)(A). Second, she argued that she was denied a bona fide opportunity to compete for the vacancies. IAF, Tab 5 at 6-9; *see* [5 U.S.C. §§ 3330a](a)(1)(B), 3304(f)(1). The agency disputed the appellant's claims, generally, but also argued that she is not entitled to corrective action because she failed to file her complaint to DOL in a timely manner. IAF, Tab 6 at 10-11; PFR File, Tab 3 at 7-9.

¶11    On remand, the administrative judge must provide the parties with an opportunity to engage in discovery and make submissions regarding the merits of this appeal. *Ruffin*, [89 M.S.P.R. 396](), ¶ 9. If the appellant requests a hearing and the parties' submissions show that there is a factual dispute material to the issue of whether she is entitled to relief under VEOA, the administrative judge shall hold one.[4] *Id*. To the extent necessary, the administrative should address each of the appellant's claims, as well as the agency's arguments and evidence concerning whether the vacancies at issue were open to the appellant, an outside applicant. ID at 6-7; IAF, Tab 6 at 9-10. *Compare* IAF, Tab 5 at 132 (announcement CIS-886078-ATL, indicating that it was open to certain agency employees and surplus/displaced eligibles), 149 (announcement CIS-942433-ATL, indicating that it was open to agency employees with

---

[4] The appellant did not request a hearing below. IAF, Tab 1 at 2.

competitive status), 182 (announcement CIS-819133-ATL, indicating that it was open to agency employees with competitive status), *with* IAF, Tab 1 at 18 (indicating that the appellant was one of the top-rated applicants but another applicant was selected for announcement CIS-886078-ATL), 24 (indicating that the appellant was one of the referred and considered applicants but another applicant was selected for announcement CIS-942433-ATL), 28 (indicating that the appellant's application was considered but another applicant was selected for announcement CIS-819133-ATL). To the extent necessary, the administrative judge also should address the parties' competing arguments concerning the timeliness of the appellant's complaint to DOL and any entitlement to equitable tolling. *Compare* IAF, Tab 5 at 4-5, 9-12, *with* IAF, Tab 6 at 10-11; *see Hayes v. Department of the Army*, 111 M.S.P.R. 41, ¶¶ 10, 12 (2009) (recognizing that a failure to meet the 60-day deadline of section 3330a(a)(2)(A) does not deprive the Board of jurisdiction, but it is a basis for denying a request for corrective action unless the appellant establishes a basis for equitable tolling, which is extended only sparingly).

The administrative judge did not exhibit bias.

¶12    In her petition for review, the appellant requests that the Board reverse the initial decision or remand her appeal to a different administrative judge. PFR File, Tab 1 at 14. To the extent that this request suggests that the administrative judge has exhibited bias and should not hear her claim further, we disagree. The appellant has provided no basis for overcoming the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

**ORDER**

¶13      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:           _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.