# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JESSE OVERBY,
        Appellant,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DE-3330-17-0398-I-1

DATE: July 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jesse Overby</u>, Castle Rock, Colorado, pro se.

<u>Yolanda Hernandez</u>, Chantilly, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      After exhausting administrative procedures with the Department of Labor (DOL), the appellant filed a Board appeal alleging that the agency violated his rights under VEOA when it did not select him for a Project Manager position. Initial Appeal File (IAF), Tab 1. The appellant did not request a hearing. *Id*.

¶3      Based on the parties' written submissions, the administrative judge found that the appellant established jurisdiction, but that he did not show that his veterans' preference rights had been violated. IAF, Tab 15, Initial Decision (ID) at 3-5. She found that the agency issued two announcements for the position, a merit promotion announcement and a public announcement. ID at 4. She found that, because the appellant applied only under the merit promotion announcement, and the agency made its selection under the public announcement, the appellant's entitlements under VEOA were not violated when he was not selected for the position. ID at 5.

¶4      In his petition for review, the appellant alleges that DOL mistakenly stated that the agency made its selection for the Project Manager position from the merit

promotion announcement. Petition for Review File, Tab 1. He also appears to assert that only current employees of the agency could be considered under the merit promotion announcement, and because none of the applicants on that announcement were current agency employees, veterans' preference rules applied to the selection under the announcement. *Id.* He argues that the selectee for the position was not merit promotion eligible, and that Congress intended that veterans' preference rules apply to merit promotion announcements. *Id.* He argues that veterans' preference should be considered in every instance. *Id.* The agency has not responded to the petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board has jurisdiction over two types of VEOA claims: (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference. *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) ("right-to-compete" claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015). The administrative judge determined that the appellant was raising a VEOA claim concerning the violation of a statute or regulation relating to veterans' preference. She advised the appellant that, to establish Board jurisdiction over such a claim, he must show the following: (1) that he exhausted his remedy with DOL; and (2) that he make nonfrivolous allegations that (i) he is preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. ID at 2; *see Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1357 (Fed. Cir. 2016). The administrative judge found that the appellant established jurisdiction over his appeal but did not establish that the agency violated his veterans' preference rights. ID at 3-5.

¶6      The appellant has not provided a basis for disturbing this finding on review. The Board has held that an agency has the discretion to fill a vacant position by any authorized method. *Joseph v. Federal Trade Commission*, 103 M.S.P.R. 684, ¶ 11 (2006), *aff'd*, 505 F.3d 1380 (Fed. Cir. 2007). There is nothing preventing an agency from soliciting applications from the general public and from merit promotion applicants simultaneously. *Id*. We agree with the administrative judge's well-reasoned finding that, because the appellant only applied for the Project Manager position through the merit promotion announcement and the agency selected a non-merit promotion eligible candidate from the public announcement, the agency did not violate the appellant's entitlements under VEOA. ID at 5.

¶7      Regarding the appellant's allegation that DOL mistakenly stated that the agency made its selection from the merit promotion announcement, in a VEOA appeal, the matter that is appealable to the Board is the alleged violation of the individual's rights under a statute or regulation related to veterans' preference, not DOL's decision concerning the alleged violation. 5 U.S.C. § 3330a(d)(1). In other words, the appeal before the Board is a de novo proceeding in which the Board is not required to defer to DOL's findings regarding the merits of the individual's complaint. *Shaver v. Department of the Air Force*, 106 M.S.P.R. 601, ¶ 8 n.4 (2007). Thus, whether DOL mistakenly stated that the agency made its selection from the merit promotion announcement has no bearing on the Board's adjudication of the matter.

¶8      To the extent the appellant is seeking to raise a "right to compete" claim under 5 U.S.C. § 3330a(a)(1)(B), he has failed to establish jurisdiction over any such claim.[2] To establish jurisdiction over a VEOA right to compete claim, the

---

[2] The administrative judge did not provide the appellant with notice of how to establish jurisdiction over a "right to compete" VEOA claim. To the extent the administrative judge erred in this regard, any such adjudicatory error is not prejudicial to the appellant's substantive rights and it provides no basis for reversal of the initial decision

appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans Benefits Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). Here, the appellant has not alleged that he was denied the right to compete as a preference eligible under the merit promotion announcement issued by the agency. In fact, the record reflects that he was interviewed for the Project Manager position. IAF, Tab 6 at 11-12; *see Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010) (explaining that the only issue in an appeal concerning 5 U.S.C. § 3304(f)(1) is whether the appellant was permitted to compete for the position on the same basis as other candidates). Thus, we also find that the appellant has failed to establish the Board's jurisdiction over a VEOA right to compete claim.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

because the record is sufficiently developed for us to resolve the jurisdictional issue at this stage. *See Morris v. Department of the Army*, 113 M.S.P.R. 304, ¶ 8 (2010) (considering for the first time on review whether the Board has jurisdiction over the appeal under VEOA when the appellant was not provided with specific notice of the VEOA jurisdictional criteria and when the record was sufficiently developed on this issue); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.