# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EDWIN RECTOR, | DOCKET NUMBER |
| Appellant, | DC-3330-19-0364-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: February 20, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam P. Grogan, Esquire, Albany, New York, for the appellant.

Matthew John Mackey, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). On petition for review, the appellant disagrees with the administrative judge's finding that the agency honored his right to compete for the position at issue and argues that the administrative judge erred in finding that the agency properly used the merit promotion process to fill

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the position.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R.  § 1201.115).    After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify that the instructions for uploading a resume to the USAJOBS website specifically advised the appellant that he should not include his Social Security Number (SSN) and other personal or sensitive information, we AFFIRM the initial decision.[3]

---

[2] The appellant also argues, for the first time on review, that the agency and the administrative judge violated the Administrative Procedure Act (APA).  Petition for Review File, Tab 4 at 3-4.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant makes no such showing.  Thus, we have not considered it.  Nevertheless, the APA, 5 U.S.C. §§ 551 et seq., is not generally applicable to Board procedures.  *Lee v. U.S. Postal Service*, 48 M.S.P.R.  274, 281 (1991); *see McDougall v. Social Security Administration*, 114 M.S.P.R. 534, ¶ 7 (2010) (stating that administrative law judges are entitled to have their appeals adjudicated under the APA, whereas other Federal employees are not). The appellant does not explain how the APA applies in this case.

[3] On May 18, 2020, the appellant filed a motion for leave to file a supplement to his petition for review.  Petition for Review (PFR) File, Tab 9.  He contends that the supplement will "clarify and narrow" the issues raised in the agency's response to his petition for review.  *Id*. at 1.  The appellant filed his petition for review on September 23, 2019.  PFR File, Tab 4.  In the acknowledgment letter, the Office of the Clerk of the Board informed the appellant that he may file a reply to the agency's

The administrative judge found that the appellant established Board jurisdiction over his VEOA appeal because he exhausted his remedy before the Department of Labor (DOL) and nonfrivolously alleged that he was denied the right to compete for an agency position because his application was disqualified based on his inclusion of personally identifiable information (PII) in his resume. IAF, Tab 12 at 3; ID at 3. We agree with the administrative judge that the appellant established jurisdiction over his VEOA appeal. ID at 1; IAF, Tab 12 at 2-3; *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010) (finding that, to establish Board jurisdiction over a "right to compete" appeal under 5 U.S.C. § 3330a(a)(1)(B), an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the action at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency, in violation of 5 U.S.C. § 3304(f)(1), denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce). Nevertheless, for the following reasons, we find that the administrative judge properly denied the appellant's request for corrective action.

The appellant argues on review that the policy that the agency claimed he violated is merely an internal agency management procedure that does not override veterans' preference rights. PFR File, Tab 4 at 2-3. However, the agency established that the proscription concerning the inclusion of PII in a resume is applied to all candidates, as all applicants were screened in the same

---

response to his petition for review within 10 days of the agency's service of its response. PFR File, Tab 5 at 1. The agency served its response on October 18, 2019. PFR File, Tab 6. Therefore, the time for the appellant to file a reply to the agency's response closed on October 28, 2019, as did the record on review. PFR File, Tab 5 at 1; *see* 5 C.F.R. § 1201.114(e). The appellant did not file a reply to the agency's response before the deadline. Nor has the appellant explained why good cause exists for his failure to do so. His motion to file a supplement addressing the issues in the agency's response to his petition for review over 6 months late is denied.

manner. IAF, Tab 7 at 14, 77, 81, Tab 13 at 19-22, 29. In the vacancy announcement, applicants were cautioned that they will not be considered if their resume includes any inappropriate material or content. IAF, Tab 7 at 77, Tab 13 at 19. The USAJOBS website page where applicants submit their resumes clearly instructs applicants not to include, among other things, their SSN or other personal or sensitive information. IAF, Tab 13 at 20, 29. Because the appellant included his unredacted Certificate of Release or Discharge from Active Duty, Department of Defense Form DD-214 (DD-214) as part of his resume,[4] which included his birth date and SSN, he was deemed ineligible. IAF, Tab 7 at 61, Tab 13 at 19, 21. Because the right to compete required by 5 U.S.C. § 3304(f)(1) is satisfied by participation in the selection process on the same grounds as other candidates, and the record reflects that to be the case here, we agree with the administrative judge that the agency honored the appellant's right to compete. ID at 4-5; *Miller v. Federal Deposit Insurance Corporation*, 818 F.3d 1357, 1360 (Fed. Cir. 2016); *see also Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010) (observing that the right to compete under section 3304(f)(1) does not require that a veteran be considered at every stage of the selection process, up to that process's final stage).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] Although a copy of an applicant's DD-214 is appropriate to submit in applying for the position, an agency Human Resources Specialist provided a sworn statement explaining that an applicant who provides his DD-214 with his resume improperly provides the hiring manager with PII, i.e., the applicant's SSN and date of birth, which the hiring manager is not allowed to see. IAF, Tab 13 at 19-21. Consequently, the DD-214 is uploaded in a separate area that is not viewable by the hiring manager, and should not be included with the resume. *Id.* at 20-21.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.