NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERMAN S. STARTZ, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2025-1375

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-23-0258-W-1.

---

Decided: October 20, 2025

---

SHERMAN S. STARTZ, JR., Bremerton, WA, pro se.

BLAKE WILLIAM COWMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before DYK, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Sherman Shelby Startz, Jr., petitions pro se for review of a final decision of the Merit Systems Protection Board ("Board") denying his request for corrective action following his termination. We *affirm*.

I

On January 31, 2022, Mr. Startz began work as a Construction Control Inspector for the United States Army (the "Agency") at Fort Wainwright. He was subject to a two-year probationary period. His work included monitoring government construction contractors. During his probationary period, Mr. Startz was terminated on June 27, 2022.

In January 2023, Mr. Startz filed a complaint with the Office of Special Counsel ("OSC") asserting an allegation of whistleblower retaliation. Mr. Startz alleged he was subjected to a hostile work environment and eventually terminated because he reported concerns of misconduct to his direct supervisor, David Zrna. On March 22, 2023, OSC notified Mr. Startz that it had closed the investigation.

Following OSC's action, Mr. Startz filed an individual right of action ("IRA") appeal with the Board under 5 U.S.C. § 1221(a). He stated that he did not want a hearing. The Board considered Mr. Startz's allegations that he witnessed a litany of misconduct, including that Agency officials were not properly overseeing work completed by contractors, that a contractor was submitting fictitious specification numbers for construction materials, and that he was instructed by agency personnel to sign for construction materials that were not delivered. Mr. Startz then alleged that he refused to sign for the non-existent deliveries and raised these concerns to Mr. Zrna on or about June 24, 2022. During discovery, Mr. Starz filed a motion to compel discovery, alleging that the Agency "continually ignored"

his discovery requests. S. App'x 45. [1] Despite Mr. Startz's failure to include a copy of his requests in his motion, *see* 5 C.F.R. § 1201.73(c)(1)(i), the administrative judge ("AJ") granted it. The Agency produced additional documents, which Mr. Startz asserted "in no way can be considered suitable" as a response to his discovery requests. S. App'x 68–69.

The AJ issued an initial decision on January 8, 2024, denying Mr. Startz's request for corrective action. The AJ found that Mr. Startz did not meet his initial burden to prove (1) that he made any disclosure to Mr. Zrna that the contractors were submitting fictitious specification numbers for flooring materials; (2) that he was ever asked by a supervisor to sign for undelivered flooring materials; (3) that he had a reasonable belief that the contractors were submitting fictitious specification numbers for flooring materials; and (4) that the alleged disclosure of contractor misconduct, if it occurred, was related to any government misconduct. As a result, the AJ determined that Mr. Startz failed to demonstrate a prima facie case that he was terminated because he engaged in a protected disclosure under 5 U.S.C. § 2302(b)(8) or any protected activities under § 2302(b)(9). The Board then denied Mr. Startz's petition for review, issuing a final order affirming the initial decision on January 17, 2025, and making it the final decision of the Board. Mr. Startz now petitions for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

On review, Mr. Startz asserts the Board made several errors that warrant reversal or remand. We set aside the decision of the Board if it is "(1) arbitrary, capricious, an

---

[1] "S. App'x" refers to the Supplemental Appendix submitted by the Agency. Dkt. No. 18.

abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *accord Miller v. Fed. Deposit Ins. Co.*, 818 F.3d 1357, 1359 (Fed. Cir. 2016). This review "is limited." *Bryant v. Dep't of Veterans Affs.*, 26 F.4th 1344, 1346 (Fed. Cir. 2022). Ultimately, we conclude that the Board's findings are supported by law and substantial evidence.

Mr. Startz primarily contends that the Board's finding that he did not make a protected disclosure was not supported by substantial evidence. Under the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (codified as amended in scattered sections of 5 U.S.C.), an employee in Mr. Startz's position may not be terminated because of "any disclosure of information by [the] employee . . . which the employee . . . reasonably believes evidences—(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." *See* 5 U.S.C. § 2302(b)(8)(A). To establish a "reasonable belief" that misconduct occurred, the employee need not prove the misconduct actually occurred. *Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1382 (Fed. Cir. 2008). Instead, reasonable belief is determined by an objective test that asks, "whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee would reasonably conclude that the actions of the government evidence wrongdoing as defined by the [WPA]." *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020) (citing *Giove v. Dep't of Transp.*, 230 F.3d 1333, 1338 (Fed. Cir. 2000)). This objective test is based on what was known by the employee at the time of the disclosure. *Edenfield v. Dep't of Veterans Affs.*, 54 F.4th 1357, 1361 (Fed. Cir. 2022).

The Board did not err in determining that Mr. Startz did not present sufficient evidence that, at the time of his alleged disclosure to Mr. Zrna, he was aware of any government misconduct.[2] He alleged that he had been asked by agency personnel to sign for fictitious deliveries of materials. However, the Board noted that the declarations that Mr. Startz submitted only demonstrated that contractors, rather than his Agency supervisors, had asked him to do this. The Board also did not err in finding that Mr. Startz failed to provide evidence to substantiate his argument that he had a reasonable belief that Agency officials were improperly supervising contractors. Because Mr. Startz failed to provide evidence that he was reasonably aware of government misconduct at the time of his alleged disclosure to Mr. Zrna, we hold that the Board's decision was supported by substantial evidence.[3]

---

[2] Because the WPA's purpose is "to encourage government personnel to disclose government wrongdoing," it does not "extend whistleblower protection to claims involving purely private conduct" such as contractor misconduct that does not involve government action. *See McCarthy v. Soc. Sec. Admin.*, No. 2024-1552, 2025 WL 1622032, at \*3 (Fed. Cir. June 9, 2025) (nonprecedential) (quoting *Oram v. Merit Sys. Prot. Bd.*, No. 2021-2307, 2022 WL 866327, at \*2 (Fed. Cir. Mar. 23, 2022) (nonprecedential)).

[3] Mr. Startz argues that the Board erred in its consideration of his submission of his daily reports, which he argues show that he witnessed the delivery of DensDeck, a roofing material, on May 10, 2022, only to see that the contractor actually installed a cheaper alternative on June 2, 2022. In its decision, the Board only referenced allegations of fraud related to "flooring materials," did not reference Mr. Startz's allegations related to roofing materials, and stated that the daily reports "shed no light whatsoever on

Mr. Startz also submitted evidence to the Board in the form of materials that he acquired after his alleged disclosure, which in his view, confirmed the existence of government misconduct, but these are not relevant to the question of what he knew at the time of his alleged disclosure. *See Edenfield*, 54 F.4th at 1361.

Mr. Startz also raises procedural arguments. We review the Board's discovery and evidentiary rulings for abuse of discretion. *Knox v. Dep't of Just.*, 125 F.4th 1059, 1066 (Fed. Cir. 2025). Such matters are only overturned if an abuse "caused substantial harm or prejudice to [a petitioner's] rights which could have affected the outcome of the case." *Id.* at 1066–67 (quoting *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988)).

First, Mr. Startz argues that the Board was required to provide him a hearing in order to make a credibility determination as to his sworn testimony. Mr. Startz waived his right to a hearing, and the Board did not abuse its discretion by declining to order one sua sponte. Next, Mr. Startz argues that the Board erred in failing to order additional discovery after the entry of Mr. Startz's final evidentiary filing, which noted that he still had not received all the documentation he had requested from the Agency. As the Board noted in its final decision, Mr. Startz did not file an additional motion to compel, and the Board did not abuse its discretion here either.

Finally, Mr. Startz has moved to supplement the record with "newly obtained material evidence that was not

---

[Mr. Startz's] allegations." S. App'x 10.   Even if we accepted Mr. Startz's characterization of the reports, they do not prove that Mr. Startz had reason to believe the government was aware of the misconduct at the time of his alleged disclosure to Mr. Zrna. Therefore, any error on the Board's part with regard to this evidence is harmless.

available at the time of the original proceedings" concerning alleged contractor misconduct. Mot. to Supplement the Record 1, Dkt. No. 21. Mr. Startz apparently asserts that this information is relevant because it tends to corroborate his underlying allegations of contractor and official misconduct. But Mr. Startz has not indicated that he was aware of this new material at the time he made the alleged disclosure, he has not provided a suitable justification for why the evidence was not timely presented, and the Board's alternative holding—that disclosure of wrongdoing committed by a non-Federal Government entity is insufficient—would nonetheless apply. Thus, the new material is not relevant to this petition for review, and we deny the motion.

We have considered Mr. Startz's remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.