# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN PATRICK BURNETT,
      Appellant,

            v.

FEDERAL DEPOSIT INSURANCE
      CORPORATION,
            Agency.

DOCKET NUMBER
DC-3330-19-0455-I-1

DATE:  January 4, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin Patrick Burnett</u>, Stockton, California, pro se.

<u>Scott David Cooper</u>, Fairfax, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied him corrective action under the Veterans Employment Opportunities Act (VEOA) of 1998.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

During the relevant time period, the appellant, who is a preference-eligible veteran, was employed as an NB-6 Community Reinvestment Act & Fair Lending Compliance Policy Specialist for the Office of the Comptroller of the Currency. Initial Appeal File (IAF), Tab 1 at 7. The agency issued an open competitive vacancy announcement (2019-HQD-B0032) and a merit promotion vacancy announcement (2019-HQ-B0030) for the position of CG-14/15 Senior Policy Analyst. IAF, Tab 19 at 23-35, 47-57. The vacancy announcements stated, in pertinent part, that applicants for the CG-14 position must have 1 year of specialized experience equivalent to the Grade 13 level in the Federal service and applicants for the CG-15 position must have 1 year of specialized experience equivalent to the Grade 14 level in the Federal service. *Id*. at 27, 51. For the Grade 14 level, applicants were required to have specialized experience in "assisting in developing or analyzing policy related to financial services or products, banking or financial institutions, and analyzing and evaluating existing or proposed consumer protection laws and regulations related to the banking industry." *Id*. For the Grade 15 level, applicants were required to have

specialized experience "implementing, developing or analyzing policy related to financial services or products, banking or financial institutions, and analyzing and evaluating existing or proposed consumer protection laws and regulations related to the banking industry." *Id*.

The appellant submitted an application for both vacancy announcements. IAF, Tab 1 at 5, 8, Tab 3 at 8-10. After reviewing the appellant's applications, the agency deemed him not qualified for the CG-14 and CG-15 positions because he lacked the 1 year of specialized experience equivalent to the Grade 13 or 14 levels in the Federal service. IAF, Tab 19 at 20-22, 60-62. On March 13, 2019, the appellant was notified of his nonselection for both vacancies. IAF, Tab 1 at 3, Tab 10 at 7.

The appellant filed a timely complaint with the Department of Labor (DOL). IAF, Tab 3 at 12, Tab 7 at 35-42. By letter dated April 4, 2019, DOL notified him that it was closing his case because its investigation had determined that he did not meet the eligibility requirements of the applicable provisions of veterans' preference statutes and regulations under Title 5. IAF, Tab 3 at 13.

Thereafter, the appellant filed an appeal with the Board, identifying only the open competitive vacancy announcement (2019-HQD-B0032), and asserting that the agency's decision not to select him for the Senior Policy Analyst position violated his veterans' preference rights. IAF, Tab 1. The administrative judge issued an order on VEOA jurisdiction, apprising the appellant of his burden of proving Board jurisdiction over his appeal. IAF, Tab 9. After receiving the appellant's response, the administrative judge found that, regarding the open competitive vacancy announcement (2019-HQD-B0032), he made a nonfrivolous allegation of Board jurisdiction over this claim. IAF, Tab 18. During a close of record conference, and over the appellant's objection, the administrative judge stated that an in-person hearing was not necessary and he would not hold the appellant's requested hearing. IAF, Tab 23 at 1.

The administrative judge issued an initial decision in which he denied the appellant's request for corrective action regarding the open competitive vacancy announcement (2019-HQD-B0032). IAF, Tab 27, Initial Decision (ID). The administrative judge found that, contrary to DOL's determination, the appellant was a preference-eligible veteran; he further found that the appellant made a nonfrivolous allegation of Board jurisdiction over his claim that the agency did not consider all of his qualifications. ID at 2-4. The administrative judge also determined that the agency reviewed and considered the appellant's experience; thus, the appellant failed to prove by preponderant evidence that the agency failed to consider his experience in violation of the VEOA. ID at 4-7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He asserts that the administrative judge did not consider the evidence that he presented, which allegedly showed that the agency did not consider his qualifications in the selection process. *Id*. at 4. He also asserts, without explanation, that the administrative judge took a "narrow interpretation" of the relevant case law. *Id.* He claims that the agency did not comply with the administrative judge's order to provide discovery materials, and the administrative judge did not address his objection to the agency's failure to do so below. *Id.* at 3. The agency has filed a response. PFR File, Tab 3. After the record closed on review, the appellant filed a motion for leave to file an additional pleading, which we deny herein.[2] PFR File, Tab 6.

_____

[2] The appellant seeks leave to submit an additional pleading that "addresses and provides evidence that the agency impermissibly found [him] unqualified for another Senior Policy Analyst [p]osition, admitted to that error, and offered [him] a noncompetitive appointment to a similar position around the time of the vacancy disqualification which is the subject of this appeal." PFR File, Tab 6 at 3. He also asserts that this "additional information was provided by the Agency as late as March 22, 2021," after an agency internal review discovered the error. *Id*. He further asserts that this evidence is relevant due to the "similarity in evaluative factors between positions" and "the similarities in the errors that occurred." *Id.* He also states that the "ultimate qualification for the subsequent Senior Policy Analyst position refutes key elements of the agency[']s arguments for [his] disqualification for the position under review in this appeal." *Id.* We believe that the appellant is asking to file a pleading

On November 19, 2022, more than 2½ years after the record closed on review, the appellant filed a request to join this matter with *Burnett v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-3330-21-0421-I-2. PFR File, Tab 8. The appellant asserts that "it is in the best interest of both parties and the Board to process these cases concurrently." *Id.* at 3. He states that he explained why joinder is appropriate in his response to the agency's petition for review in the 0421 matter, but he did not offer any explanation in his joinder request in this matter. *Id.* On December 22, 2023, the Board issued a Final Order in *Burnett v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-3330-21-0421-I-2. Accordingly, we deny the appellant's motion to join these matters as moot.

## DISCUSSION OF ARGUMENTS ON REVIEW

Our interpretation of the appellant's claims in this matter

As an initial matter, we wish to clarify our interpretation of the interplay between the nature of the vacancy announcements and the appellant's claims in this matter. Federal agencies generally use two types of selection processes to fill vacancies: (1) the open competitive examination process, and (2) the merit promotion process. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381 (Fed. Cir. 2007). The open competitive examination process is used for employees seeking to join the competitive service and often is used for reviewing applicants outside the agency. *Id.* Under this process, agencies may examine candidates using traditional competitive ranking or category rating procedures. *Launer v. Department of the Air Force*, 119 M.S.P.R. 252, ¶¶ 6-7 (2013) (explaining the key aspects of the two competitive examination procedures). By contrast, the merit promotion process is used when the position is to be filled by

---

that incorporates information relating to the selection process and/or evidence discussed in *Burnett v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-3330-21-0421-I-2. We deny the appellant's request because he proffers no evidence that the agency admitted to an error in the selection process at issue in this matter or otherwise committed an error in this matter that warrants corrective action.

an employee of the agency or by an applicant from outside the agency who has "status" in the competitive service. *Joseph*, 505 F. 3d at 1382. In the open competition process, preference-eligible veterans may be afforded various advantages at the examination, rating, and selection stages, *see, e.g., Joseph*, 505 F. 3d at 1381-82; *Launer*, 119 M.S.P.R. 252, ¶¶ 6-7. However, when an agency fills a vacancy via the merit promotion process, a preference‑eligible veteran does not receive any advantage beyond the ability to apply for and to be considered for the position. *Miller v. Federal Deposit Insurance Corporation*, 818 F.3d 1357, 1359-60 (Fed. Cir. 2016); *Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 11 (2016). As noted above, vacancy announcement 2019-HQD-B0032 was an open competitive announcement, and vacancy announcement 2019-HQ-B0030 was a merit promotion announcement. IAF, Tab 19 at 23-35, 47-57.

There are two different types of VEOA appeals. Pursuant to 5 U.S.C. § 3330a(a)(1)(A), a preference eligible who alleges that an agency has violated his rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor. Pursuant to 5 U.S.C. § 3330a(a)(1)(B), a veteran described in section 3304(f)(1)[3] who alleged that an agency has violated such section with respect to such veteran may file a complaint with the Secretary of Labor. Because the appellant is a preference-eligible veteran, he may file an appeal pursuant to 5 U.S.C. § 3330a(a)(1)(A) and/or (a)(1)(B). *Montgomery*, 123 M.S.P.R. 216, ¶ 5.

It appears that the appellant made both claims below. *See, e.g.,* IAF, Tab 7 at 20 (relying on 5 U.S.C. § 3311 and 5 C.F.R. § 302.302(d) to support his argument that the agency failed to credit all of his experience), IAF, Tab 10 at 7

_____

[3] Pursuant to 5 U.S.C. § 3304(f)(1), "[p]reference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures."

(stating that, "under 2019-HQ-B0030, [t]he failure to consider the full measure of [his] experience also resulted in a violation of the opportunity to compete guaranteed by 5 U.S.C. § 3304(f)").  We, therefore, understand the appellant to have alleged below that (1) the agency violated 5 U.S.C. § 3311 and/or 5 C.F.R. § 302.302(d) by not properly considering his prior experience in the open competitive vacancy announcement (section 3330a(a)(1)(A) claim), and (2) he was denied the right to compete in the merit promotion vacancy announcement (section 3330a(a)(1)(B) claim).

<u>The appellant is not entitled to corrective action for his claim arising under 5 U.S.C. § 3330a(a)(1)(A).</u>[4]

To be entitled to relief, the appellant must prove by preponderant evidence that the agency's actions violated one or more of his statutory or regulatory veterans' preference rights in its selection process.  *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010).  The Board may decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008); *see* 5 C.F.R. § 1208.23(b) (stating that "a hearing may be provided to the appellant").

The single issue before the Board was whether the agency considered all of the appellant's experience in determining whether he was qualified for the position at issue.  IAF, Tab 23 at 1.  We agree with the administrative judge that because there is no genuine dispute of material fact, it was unnecessary to hold a hearing.  We further agree that the appellant did not prove by preponderant evidence that the agency violated 5 U.S.C. § 3311 or 5 C.F.R. § 302.302(d).

---

[4] Neither party challenges the administrative judge's finding that the appellant exhausted his remedy with DOL and made a nonfrivolous allegation of Board jurisdiction over his claim that the agency failed to consider all of his qualifications when he applied for the position through the open competitive vacancy announcement (2019-HQD-B0032).  IAF, Tab 18 at 1; ID at 3-4.  We discern no reason to disturb the administrative judge's jurisdictional findings in this regard.

Pursuant to 5 U.S.C. § 3311(2), in examinations for the competitive service in which experience is an element of qualification, a preference eligible is entitled to credit "for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor." The language of 5 C.F.R. § 302.302(d) largely tracks this language.[5] Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and it will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a position of employment. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014), *aff'd*, 818 F.3d 1361. Importantly, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency. *Id*. Rather, it would be inconsistent with the Board's role under VEOA to engage in a fact-based review of how an agency weighed and assessed a preference eligible's experiences in making its hiring decisions and determinations about a preference eligible's qualifications for a position. *Id.*

The record reflects that various agency officials, including a Subject Matter Expert (SME) and several Human Resources Specialists, reviewed the appellant's application package, including his resume for the open competitive vacancy announcement (2019-HQD-B0032). ID at 5; *see, e.g.*, IAF, Tab 19 at 7-77. The SME made numerous handwritten comments in the margins of the appellant's resume indicating, among other things, that the appellant did not have any experience in policy analysis and/or development. IAF, Tab 19 at 10-15. The Human Resources Specialists considered all of the work experience described in

---

[5] The Board has held that 5 U.S.C. § 3311 and 5 C.F.R. § 302.302(d) are a statute and a regulation, respectively, relating to veterans' preference. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014), *aff'd*, 818 F.3d 1361.

the appellant's resume and agreed that he was not qualified because he did not meet the specialized experience requirement. *Id*. at 61, 72-73. Thus, contrary to the appellant's assertion on review that the agency "clearly did not consider [his] qualifications for the position," PFR File, Tab 1 at 4, the record reflects that multiple agency officials considered his application and qualifications for the position of Senior Policy Analyst. *Cf. Williams v. Department of Defense*, No. 2022-2246, 2023 WL 3575987 (Fed. Cir. May 22, 2023) (finding that the agency violated the appellant's rights under the VEOA when it failed to independently assess his qualifications based on the materials included in his application). Given the Board's limited role in evaluating these claims, *Miller*, 121 M.S.P.R. 88, ¶ 12, we agree with the administrative judge that the appellant is not entitled to corrective action, ID at 7-8. We also discern no error with the administrative judge's decision not to hold the appellant's requested hearing under the circumstances.

Even if we were to consider the appellant's claim arising under 5 U.S.C. § 3330a(a)(1)(B), he would still not be entitled to corrective action.

The administrative judge's order finding jurisdiction (which the appellant did not contest below or on review) and the initial decision only discussed the open competitive vacancy announcement (2019-HQD-B0032). IAF, Tab 18 at 1; ID at 2. The administrative judge did not mention the merit promotion announcement (2019-HQ-B0030) or any right-to-compete claim in the initial decision, nor did the appellant raise these issues on petition for review. Even if the administrative judge erred, any such adjudicatory error is not prejudicial to the appellant's substantive rights and provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

The 5 U.S.C. § 3304(f) opportunity-to-compete provision does not apply to preference eligible and/or veteran applicants who are already employed in the Federal civil service. *Kerner v. Department of the Interior*, 778 F.3d 1336, 1339 (Fed. Cir. 2015); *Oram v. Department of the Navy*, 2022 MSPB 30, ¶¶ 12-17.

Thus, because the appellant was a current Federal employee, he was not entitled to recovery on any claim that he was denied an opportunity to compete under 5 U.S.C. § 3304(f) as a matter of law. *Oram*, 2022 MSPB 30, ¶ 17.

The administrative judge did not abuse his discretion in his discovery rulings.

The chronology of discovery issues in this matter is somewhat lengthy, so we will identify the pertinent events before we analyze the appellant's argument on review. During the pendency of the appeal, the appellant filed a motion to compel the agency's responses to his interrogatories and document production requests regarding, among other things, his application materials for the vacancy announcements at issue, application materials from other applicants, and the certificate case files. IAF, Tab 15 at 4, 6-12. The agency responded that the nature of the appellant's claims was unclear, he made no attempt to resolve the discovery matter before filing the motion, and discovery was premature in the absence of a jurisdictional finding. IAF, Tab 16 at 3. Following the administrative judge's order finding jurisdiction, the agency submitted its file, which was responsive to some of the appellant's discovery requests. IAF, Tabs 18-19.

The appellant subsequently filed a motion for sanctions, asserting among other things, that the agency had not produced all of the emails related to both vacancy announcements and that the evidence produced by the agency was fraudulent because the version of his resume the agency produced in response to a Freedom of Information Act (FOIA) request differed from the version of his resume that the agency produced during the appeal. IAF, Tab 21 at 5-11. He also asked the administrative judge to compel further discovery. *Id.* at 25-26. The agency objected to the sanctions request on the grounds that the application materials provided to the appellant in response to his FOIA request were redacted and the notations on such materials were exempt from disclosure under FOIA. IAF, Tab 22 at 4-6, 9-10. Regarding the motion to compel, the agency noted among other things that it had provided the appellant with all relevant documents

insofar as they related to the issue of whether the agency credited him with all experience material to the Senior Policy Analyst position. *Id*. at 6-8.

Thereafter, the administrative judge granted in part and denied in part the appellant's motion to compel. IAF, Tab 23 at 2. Specifically, the administrative judge ordered the agency to provide responses to certain interrogatories and produce certain documents related to the review of the appellant's application and the hiring process for both vacancy announcements, but noted that the remaining interrogatories and document production requests were either overbroad or irrelevant to the issues in this appeal. *Id*. The administrative judge also denied the motion for sanctions. *Id.* at 1. In response, the agency stated that it had already provided the appellant with all relevant documents with the exception of materials submitted by the other applicants for both vacancy announcements because they contained personally identifiable information, are therefore barred from release under the Privacy Act, and are not relevant to the issue of whether the agency considered all of the appellant's experience. IAF, Tab 24 at 4. The appellant objected to the agency's response and made a second request for sanctions. IAF, Tab 25 at 4-6.

We believe that the appellant is alleging on review that the administrative judge's discovery rulings constituted an abuse of discretion. An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). The abuse of discretion standard is a very high standard and it allows for great deference. *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010).

The appellant has not persuaded us that the administrative judge abused his discretion. In the close of record conference, the administrative judge identified the sole issue to be resolved as whether the agency considered all of the appellant's experience in determining whether he was qualified for the Senior Policy Analyst position. IAF, Tab 23 at 1. Many of the documents and much of

the information subsequently requested by the appellant went beyond the scope of that issue and was not reasonably calculated to lead to the discovery of admissible evidence. 5 C.F.R. § 1201.72(a). Moreover, the agency provided information and documentation that was responsive to his discovery requests and the material facts on the sole issue before the Board are largely undisputed. Therefore, we conclude that there was no abuse of discretion. To the extent that the administrative judge failed to address the appellant's second request for sanctions, we deny that request herein.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Jennifer Everling*

FOR THE BOARD:      _____
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.