NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN PATRICK BURNETT,**
*Petitioner*

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
*Respondent*

---

2024-1462

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-19-0455-I-1.

---

Decided: October 31, 2024

---

KEVIN PATRICK BURNETT, Stockton, CA, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before DYK, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Kevin P. Burnett appeals from a decision of the Merit Systems Protection Board ("Board") denying relief under the Veterans Employment Opportunities Act of 1998 ("VEOA"). We affirm.

BACKGROUND

Mr. Burnett served in the United States Air Force from 2000 until 2003, when he received an honorable discharge. In 2019, he worked at the Office of the Comptroller of the Currency within the federal government.

In January 2019, the Federal Deposit Insurance Corporation ("FDIC") posted two hiring announcements for senior policy analyst positions, each one at both CG-14 and CG-15 levels. One announcement solicited applications through an open competitive vacancy announcement, and the other solicited applications through a merit promotion vacancy announcement. Both announcements required specific qualifications, including "[s]pecialized experience . . . analyzing policy related to financial services or products." S.A. 18. The CG-14 position required one year of experience equivalent to the grade 13 level in the federal service, and the CG-15 position required one year of experience equivalent to the grade 14 level in the federal service. Mr. Burnett submitted applications for both the CG-14 and CG-15 positions.

A subject matter expert and three specialists from Human Resources ("HR") at the FDIC reviewed Mr. Burnett's applications. The deciding HR specialist, after discussions with the subject matter expert, found that Mr. Burnett was not qualified because he lacked the necessary policy experience in "assisting, implementing, developing or analyzing policy related to financial services or products,

banking or financial institution[s]." ECF No. 7 at 351.[1] On March 13, 2019, the FDIC informed Mr. Burnett that he was not selected.

On March 20, 2019, Mr. Burnett filed a complaint with the Department of Labor. He alleged that the FDIC violated his rights as a preference-eligible veteran under the VEOA. The Department of Labor rejected Mr. Burnett's claim. Having exhausted his remedies at the Labor Department, Mr. Burnett filed a request for corrective action with the Board, again alleging a violation of the VEOA.

During the proceedings before the administrative judge ("AJ"), Mr. Burnett filed motions to compel the agency's responses to interrogatories and document production requests, including requests for information and documents concerning his application process and the applications of other individuals. The AJ ordered the agency to provide responses to certain relevant interrogatories and document production requests, but "noted that the remaining interrogatories and document production requests were either overbroad or irrelevant to the issues in this appeal." ECF No. 7 at 71. After the AJ ordered limited discovery, Mr. Burnett filed two motions for sanctions, alleging that the agency had not provided the discovery ordered by the AJ. The AJ denied the first motion for sanctions. The AJ did not resolve the second motion for sanctions.

---

[1] ECF No. 7 refers to the appendix attached to Mr. Burnett's informal opening brief. Because the document does not have consistent pagination, the page numbers refer to the pages assigned in the online version. The citations to S.A. refer to the government's supplemental appendix.

The AJ's initial decision found that "the decision of the FDIC declining to select the appellant [in response to the open competitive vacancy announcement] is not a violation of the VEOA since the FDIC properly credited him with all of his valuable experience." ECF No. 7 at 232. The AJ did not address Mr. Burnett's claim with respect to the merit promotion vacancy announcement.

Mr. Burnett petitioned the full Board for review, but the Board denied his petition and affirmed the decision of the AJ. The Board agreed with the initial decision that Mr. Burnett was not entitled to corrective action for the open competitive vacancy announcement on the merits. The Board also found that Mr. Burnett made a claim as to the merit promotion vacancy announcement and acknowledged that the AJ "did not mention the merit promotion announcement [] or any right-to-compete claim in the initial decision." ECF No. 7 at 69. The Board concluded, however, that this did not provide a basis for reversal because, even if the AJ erred, the "5 U.S.C. § 3304(f) opportunity-to-compete provision does not apply to preference[-]eligible and/or veteran applicants who are already employed in the Federal civil service." *Id.* In this respect, the Board relied on this court's precedent in *Kerner v. Department of the Interior*, 778 F.3d 1336, 1339 (Fed. Cir. 2015).

The Board also rejected Mr. Burnett's arguments as to the AJ's discovery rulings. The Board found that "[a]n administrative judge has broad discretion in ruling on discovery matters" and concluded that there was no abuse of discretion. *Id.* at 71. Finally, "[t]o the extent that the administrative judge failed to address the appellant's second request for sanctions," the Board denied the request. *Id.* at 72.

This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Jones v. Dep't of Health and Hum. Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016).

I

A

We first consider Mr. Burnett's claim as to the open competitive vacancy announcement. Mr. Burnett argues that the conclusion that he did not meet the specialized requirements of the announcements is unsupported by the record. The FDIC determined that his position at the Office of the Comptroller of the Currency "indicated that he had no experience in either policy development or analysis" and instead showed only that he "supported people who performed those functions." ECF No. 7 at 304. Mr. Burnett argues that the fact that he supported employees who performed policy analysis proves that he "*provided assistance* in developing and analyzing policy." Appellant's Inf. Br. 16. He also points to his previous experience developing handbooks, arguing that discounting this experience as not qualifying as policy analysis "is a view that borders on the absurd." *Id.* at 19.

The Board did not err when it declined to assess the correctness of the agency's decision, finding that the agency considered Mr. Burnett's experience and found it insufficient. The "VEOA does not authorize the [Board] to conduct, on appeal, a substantive review of the veteran's qualifications and adjudicate the correctness of the agency's hiring decision." *Miller v. FDIC*, 818 F.3d 1361,

1366 (Fed. Cir. 2016). Instead, the Board is only required to "assure that the veteran's experience and work history were actually considered." *Id.*

Here, the record reflects that the Board reviewed the evidence of record and found that the FDIC completed a careful and comprehensive review of Mr. Burnett's applications before determining that he did not meet the required qualifications. The agency reviewed copies of Mr. Burnett's resume, evidenced by notes in the margins. The agency also provided a copy of the application review record and presented the findings of the reviewers. The HR specialists found that he lacked the specialized policy analysis experience required, and the subject matter expert made notes explicitly referencing his lack of policy development experience. On this record, we cannot say that the FDIC violated the VEOA by failing to consider any of Mr. Burnett's experience. The finding of the Board that the agency reviewed and considered Mr. Burnett's experience is supported by substantial evidence.

B

Mr. Burnett argues that the AJ "abused his discretion by not compelling the agency to comply with ordered discovery." Appellant's Inf. Br. 1. Mr. Burnett contends that the "failure to require ordered discovery or to even rule on the motion was incredibly prejudicial to [his] ability to effectively prepare and present [his] case." *Id.* at 8–9.

"[P]rocedural matters relative to discovery and evidentiary issues fall within the sound discretion of the [B]oard." *Rueter v. Dep't of Com.*, 63 F.4th 1357, 1364 (Fed. Cir. 2023) (second alteration in original) (quoting *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988)). "We 'will not overturn the [B]oard on such matters unless an abuse of discretion is clear and harmful.'" *Id.*

Here, the AJ considered Mr. Burnett's discovery requests and granted his motion to compel in part, ordering the agency to provide responses to some of the interrogatories and to produce documents related to Mr. Burnett's application and the hiring process for both vacancy announcements. However, the AJ denied Mr. Burnett's motion in part, finding that the remaining requests were overbroad or irrelevant because they concerned application materials submitted by the other applicants that contained personally identifiable information.

Mr. Burnett has failed to prove that there was any error in the discovery rulings. Mr. Burnett has not shown that the denied discovery was relevant to his case, and the privacy concerns cited by the government further support the Board's ruling. As to the sanctions motions, Mr. Burnett has made no showing that the discovery was not provided. Finally, as to his argument that there was not a timely decision on his discovery request, the record does not support Mr. Burnett's view. Only his second motion for sanctions was not responded to by the AJ, and the full Board denied his request in its final order. We see no abuse of discretion in the Board's discovery rulings.

## II

We finally consider, in addition to the open competitive vacancy announcement, the agency's response to the merit promotion vacancy announcement. The AJ in the initial decision did not address the merit promotion vacancy announcement. However, the Board found that this court's precedent in *Kerner* precluded Mr. Burnett's arguments. The Board concluded that *Kerner* held that the "5 U.S.C. § 3304(f) opportunity-to-compete provision does not apply to preference[-]eligible and/or veteran applicants who are already employed in the Federal service." ECF No. 7 at 69.

Mr. Burnett does not contest the Board's interpretation of *Kerner* but contends that *Kerner* "unnecessarily narrows the protections afforded to veterans" and "requests an en banc review or reconsideration of that decision by this [c]ourt." Appellant's Inf. Br. 13. The government on the other hand takes a different and narrower view of *Kerner*.

We decline to consider the scope of the *Kerner* decision because, as the government points out, this would "address a hypothetical situation." Appellee's Inf. Resp. Br. 21. In this case, Mr. Burnett makes no claim that his application in response to the merit promotion announcement did not receive consideration from the FDIC, and the Board concluded that this consideration satisfied the VEOA in the context of the competitive vacancy announcement. The VEOA requires nothing more. *See Miller v. FDIC*, 818 F.3d 1357, 1360 (Fed. Cir. 2016).

We have considered Mr. Burnett's remaining arguments and find them unpersuasive.

**AFFIRMED**

COSTS

No costs.