NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FAYE R. HOBSON,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2023-2228

---

Petition for review of the Merit Systems Protection Board in No. CH-3330-20-0418-X-1.

---

Decided:  November 5, 2024

---

FAYE RENNELL HOBSON, Clarksville, TN, pro se.

KRISTIN ELAINE OLSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before HUGHES, MAYER, and STARK, *Circuit Judges.*

PER CURIAM.

Petitioner Faye Hobson challenges the Merit Systems Protection Board's dismissal of her petition for enforcement of an earlier Board order directing Respondent, Department of Defense, to reconstruct a job selection process of which Ms. Hobson was a part. Because there is substantial evidence for the Board's conclusion that the agency complied with the order, we affirm.

I

In October 2019, Ms. Hobson was considered for a position as a teacher of Middle School Social Studies at Fort Campbell in Kentucky with the Department of Defense Education Activity in the Americas Region (DoDEA). The agency considered both internal and external candidates for the position, ultimately generating a referral list of 26 internal candidates and 26 external candidates. *See Joseph v. F.T.C.*, 505 F.3d 1380, 1381–82 (Fed. Cir. 2007) (describing government hiring mechanisms). For external candidates, the agency's web-based Employment Application System (EAS) performed an automated review of each applicant's data and assigned a corresponding score to that applicant. For external candidates seeking veterans' preference benefits or derived veterans' preference benefits, a Human Resources (HR) specialist reviewed supporting documentation and added veterans' preference points to the applicant's EAS-assigned score, if appropriate. While Ms. Hobson did submit information claiming entitlement to derived veterans' preference benefits resulting from her husband's status as a disabled veteran, the agency found that her documentation was insufficient and denied awarding her additional points on her application. Ms. Hobson was awarded a score of 45, which ranked her application number 14 out of the 26 external applicants.

The selecting official for the Social Studies teaching position interviewed two candidates from the referral list—

the top-ranked external candidate, who had received a score of 71, and an internal candidate, Ms. Obermite, who did not receive an EAS score per agency procedure. The selecting official originally selected the top-ranked external candidate, but he declined the offer. The selecting official then selected Ms. Obermite, who accepted the offer and was appointed to the position on February 16, 2021.

After being informed that she was not selected for the position, Ms. Hobson sought relief from the Department of Labor. When that effort was unsuccessful, she appealed to the Board. The administrative judge found that Ms. Hobson was entitled to derived veterans' preference, and since the agency had not accorded Ms. Hobson her preference rights under the competitive examination process, the administrative judge found that the agency had violated the Veterans Employment Opportunities Act (VEOA) and granted Ms. Hobson's request for corrective action. *See* S.A. 34–42 (*Initial Decision*). The administrative judge ordered the agency to reconstruct the hiring process for the Social Studies teacher position within 30 days. The administrative judge declined to order interim relief, explaining "[t]here is no appropriate relief available unless and until there is a finding that, as a result of the agency's reconstruction of the selection process or appeal thereof, the appellant would have been selected and is entitled to compensation." S.A. 42 (citing 5 U.S.C. § 7701(b)(2)(A)).[1]

In March 2021, the agency notified Ms. Hobson that it had completed the reconstruction process and that she was again not selected for the position. The agency noted that when she was assigned the 10 additional derived veterans' preference points, her application ranking moved up from 14 to 9 out of the 26 external candidates. The agency

---

[1] References to S.A. refer to the Supplemental Appendix filed with the agency's brief.

concluded that the recalculated score "did not [a]ffect the validity of the selection made by the hiring official" in the original hiring process, S.A. 55, "because the primary selectee (the original top-ranked external candidate) remained the top-ranked external applicant, while the alternate selectee . . . was an internal candidate (and thus, the agency could select her without regard to veterans' preference)." S.A. 14. Ms. Hobson filed a petition for enforcement of the Board's previous order, which the administrative judge granted, finding that the agency's reconstructed hiring process was deficient for a number of reasons. *See* S.A. 68–78 (*Compliance Initial Decision*). Ms. Hobson's petition was then referred to the Board for a final decision on the issue of the agency's compliance with the administrative judge's *Initial Decision* ordering reconstruction. At the order of the Office of the Clerk of the Board, the agency submitted additional evidence of compliance explaining the reconstructed hiring process and providing supporting documentation.

On June 2, 2023, the Board issued a final order finding that the agency showed "by preponderant evidence that its reconstructed selection process was in accordance with law." S.A. 19. Ms. Hobson timely petitioned for review in this court. We have jurisdiction to review a final decision of the Board under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020).

## III

When an agency fails to properly apply veterans' preference rights during selection in the competitive service, "[r]econstruction seeks to determine whether the agency would have selected the [applicant] at the time of the original selection process" had the preference rights been properly applied. *Marshall v. Dep't of Health & Hum. Servs.*, 587 F.3d 1310, 1317 (Fed. Cir. 2009). In this case, when reviewing the record evidence, the Board was "satisfied that the agency ha[d] shown by preponderant evidence that its reconstructed selection process was in accordance with law." S.A. 19. Ms. Hobson alleges that the Board's decision dismissing her petition for enforcement was erroneous, arguing that the agency improperly bypassed her application and that the Board should have granted her interim relief. The agency disagrees, arguing that the Board correctly determined that the agency fulfilled its obligations under the *Initial Decision* and the *Compliance Initial Decision*. Upon review of the record, we see no legal or procedural error in the Board's decision and determine that it is supported by substantial evidence.

With respect to the sufficiency of evidence, the Board credited record evidence from the agency showing that it (1) "removed [Ms. Obermite] from the subject position by reassigning her to a different teaching position . . . thereby creating a vacancy in the subject position," (2) "calculated [Ms. Hobson's] correct score and ranking on the external candidate list by adding 10 points representing the appellant's derived veterans' preference to her EAS-assigned score of 45," and (3) "elected not to hire from the external list at all and instead decided to select an applicant from the internal list, . . . which was lawful." S.A. 19–20. The Board also noted that "the same selecting official as in the original hiring process considered the applications of the candidates on the certificate of best qualified candidates, including [Ms. Hobson's], and selected [Ms. Obermite] based on her interview and her

experiences as reflected on her resume." S.A. 20. Accordingly, the Board concluded that "[a]lthough the reconstructed process did not alter the outcome, we find that the agency has shown that it gave [Ms. Hobson] a bona fide opportunity to compete for the subject position, which is what the VEOA requires." S.A. 20.

The Board also considered and rejected many of Ms. Hobson's arguments about falsified documents or manipulation of EAS scores, stating that Ms. Hobson's challenges were "unavailing." S.A. 20. The Board noted that "[c]ontrary to [Ms. Hobson's] assertions, the agency has shown how it arrived at her pre-veterans' preference score of 45: the EAS algorithm assigned it based on her answers to application questions." S.A. 20. The Board further noted that Ms. Hobson "ha[d] not presented any evidence that would tend to show that the agency manipulated the EAS algorithm to depress her score or to elevate others' scores." S.A. 20. Additionally, the Board rejected Ms. Hobson's argument that the agency was required to prove that Ms. Obermite was "the most qualified" applicant because "her selection was in accordance with law so long as she was 'among a group of best qualified candidates,' . . . which she was by virtue of being on the referral list of qualified candidates along with [Ms. Hobson] and the other 50 applicants." S.A. 21. Finally, the Board rejected Ms. Hobson's argument that she was improperly "passed over" in favor of Ms. Obermite—who was not preference-eligible—stating that this argument was "inapposite because veterans' preference rules such as the prohibition on passing over a preference eligible without dispensation from the Office of Personnel Management, *see* 5 U.S.C. § 3318(c)(1), do not apply to [internal] merit promotions." S.A. 21.

The record evidence discussed above constitutes substantial evidence, which simply means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v.*

*NLRB*, 305 U.S. 197, 229 (1938). Many of Ms. Hobson's arguments to this court amount to disagreement about what the facts of the case are, the weighing of evidence, and the overall outcome of her appeal to the Board. *See e.g.,* Pet. Br. 9–10 (disputing her EAS score of 45 and stating that she "would have been the selectee had she been properly rated with or without the 10 point preference, because she would have been the highest scored applicant on all list[s] provided"); *id.* at 15 (arguing that Ms. Obermite was never removed from her position and that the record contains falsified documents). That Ms. Hobson may disagree with the Board's conclusion and its weighing of the record evidence does not warrant reversal.

Further, we find Ms. Hobson's arguments of legal error and constitutional violation regarding "bypass" procedures to be equally unpersuasive. Ms. Hobson asserts that the agency improperly imposed a "bypass" when it selected Ms. Obermite for the position instead of Ms. Hobson, despite Ms. Hobson having derived veterans' preference status. Pet. Br. 5 ("When an agency official bypasses a veteran or preference eligible [individual,] the agency is obligated to disclose its bypass action to the Appellant when it occurs and the agency has made no such attempts."); *id.* at 16 (asserting that the agency's bypass "rises to a constitutional violation"). While Ms. Hobson is correct that under VEOA, an agency generally cannot pass over a preference eligible employee to appoint a non-preference eligible one without written reasoning, *see* 5 U.S.C. § 3318(c), such a requirement only applies to the competitive examination process for external hires, not the merit promotion process for internal hires. *See Miller v. Fed. Deposit Ins. Corp.*, 818 F.3d 1357, 1360–61 (Fed. Cir. 2016) (explaining that veterans' preference rights under merit promotion procedures only confer a right to compete by submitting an application, not a quantitative boost to the strength of the application). Since the agency ultimately chose an internal candidate, the bypass

requirements did not apply, and Ms. Hobson's assertions of legal error must fail. *See Joseph*, 505 F.3d at 1384 (affirming board's decision that agency did not violate VEOA where it gave appellant 10-point veterans' preference but selected the internal candidate instead).

## IV

We have considered Ms. Hobson's remaining arguments and find them unpersuasive. Because the Board's decision was supported by substantial evidence, obtained with proper procedure, and otherwise in accordance with law, we affirm.

**AFFIRMED**

COSTS

No costs.